IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIAN CHARLES JONES,　　　§
TDCJ No. 01908585,　　　　　　§
　　　　　　　　　　　　　　§
　　　　Petitioner,　　　　　　　§
　　　　　　　　　　　　　　§
V.　　　　　　　　　　　　　　§　　　　No. 3:21-cv-2996-N-BN
　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-CID,　　　　　§
　　　　　　　　　　　　　　§
　　　　Respondent.　　　　　　§

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Brian Charles Jones, a Texas prisoner represented by counsel, filed this 28 U.S.C. § 2254 habeas action challenging an Ellis County criminal conviction and sentence. Jones was found guilty by a jury of evading arrest or detention with a vehicle, enhanced by two prior felony convictions, including a Dallas County conviction for possession of a controlled substance addressed in the first claim, and received a sentence of life imprisonment on April 23, 2013. *See State v. Brian Charles Jones*, 36853CR (40th Jud. Dist. Ct., Ellis Cnty., Tex. Apr. 23, 2013); Dkt. No. 16-8 at 113.

The Texas Court of Criminal Appeals (CCA) granted Jones an out-of-time appeal, and the Tenth District Court of Appeals for Texas affirmed Jones's conviction on September 11, 2014. *Jones v. State*, No. 10-13-00410-CR, slip op. (Tex. App.-Waco 2014, pet. ref'd). On January 14, 2015, the CCA refused Jones's petition for discretionary review (PDR). *Jones v. State*, PD-1395-14 (Tex. Crim. App. 2015); DA Cover Sheet; Dkt. No. 16-7 at 1.

Jones filed a state habeas application on August 6, 2018. *See* Dkt. No. 16-28 at 1. The CCA denied the application without a written order. *See Ex parte Jones*, WR-80, 368-02 (Tex. Crim. App. Sept. 12, 2018); *see also* Dkt. No. 16-23 at 1.

Jones then filed this application for federal habeas relief on November 22, 2021. *See* Dkt. No.1 at 32. The Court referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) pursuant to a standing order of reference from Chief United States District Judge David C. Godbey.

The State responded. *See* Dkt. No. 14. Jones did not file a reply brief.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Jones's federal habeas application with prejudice because his first claim is not cognizable on federal habeas review and because his remaining claims are untimely.

## Legal Standards and Analysis

Jones makes the following claims for habeas relief:

(1) He is actually innocent of a Dallas County conviction for possession of a controlled substance used to enhance his Ellis County conviction; and

(2) His attorney provided ineffective assistance by:

    a. Failing to make necessary objections;

    b. Failing to properly cross-examine Sergeant Sowder;

    c. Providing improper advice about sentencing that prevented an informed plea; and

          d. Failing to file a timely appeal.

Dkt. No. 1 at 6, 8-9; Dkt. No. 6 at 2-14.

## I.    Jones's first claim is not cognizable on federal habeas review.

In Jones's first ground for relief, he maintains that he is actually innocent of the Dallas County conviction for possession of a controlled substance used to enhance his Ellis County sentence. Dkt. No. 1 at 6. More specifically, Jones claims that the cocaine at issue in the Dallas County case was not exclusively his and belonged to Michael Whitfield, the driver. *Id.*; Dkt. No. 6 at 3-4.

Jones appears to attack his 1994 conviction for possession of a controlled substance and the resulting five-year sentence that has now expired. *See* Dkt. No. 16-28 at 105. The initial issue, then, is whether Jones is "in custody" in relation to the conviction that he is attacking. If he is, the Court's attention would need to turn to whether he presents any cognizable claims and whether his claims are time-barred.

A federal court lacks subject matter jurisdiction to entertain a petition if, at the time it is filed, the prisoner is not "in custody" under the conviction and sentence that he seeks to attack. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for purposes of habeas relief. *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) ("'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead,

jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration."). But "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony or enhance future punishment, held insufficient to satisfy the "in custody" requirement).

So, "[i]f the petitioner was no longer serving the challenged judgment when he filed his § 2254 petition because he fully discharged the sentence imposed upon that judgment, the 'in custody' requirement is not met, even if the challenged sentence was used to enhance a subsequent sentence that is not under attack in the § 2254 petition." *Acosta v. Texas*, No. 16-50883, 2017 WL 4574617, at *1 (5th Cir. June 6, 2017) (Dennis, J. ord.) (citing *Maleng*, 490 U.S. at 492).

The State alleges that Jones argues he is actually innocent of the 1994 conviction for possession of a controlled substance. The issue is whether Jones is "in custody" in relation to the conviction that he is attacking.

The undersigned agrees that, if Jones is seeking – as his petition indicates – to directly attack his 1994 conviction for possession of a controlled substance, this Court lacks subject matter jurisdiction over his petition

because he is no longer "in custody" in relation to that conviction. And the collateral effects of that conviction – including its use to enhance his current sentence – do not change that. *See, e.g., Hendrix*, 888 F.3d at 337-38.

But the "in custody" analysis changes if Jones's pleadings could be construed as a challenge to his current sentence as affected by the 1994 conviction. *See Cotton v. Thaler*, Civil Action No. SA-CV-87-XR, 2010 WL 3239316, at *4 (W.D. Tex. Aug. 16, 2010). Federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a current sentence. In other words, while "federal courts have no jurisdiction to hear a direct attack on a conviction for which a sentence has already been fully served because the person is no longer 'in custody' ... federal courts do have jurisdiction to hear such a claim if it can be construed to be an attack upon a conviction for which they are currently serving time." *Id.* (citing *Maleng*, 490 U.S. at 493-94) (emphasis in original).

Federal habeas relief is generally unavailable when a petitioner challenges his sentence on the basis that it was enhanced by an allegedly unconstitutional prior conviction that has expired. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 396, 402 (2001). A petitioner may not challenge the prior sentence if it can no longer be attacked on its own, either because the prisoner failed to challenge it while remedies – on either direct or collateral review – were available or because he did so and lost. *Id.* at 403-04; *see also Daniels v. United States*, 532 U.S. 374 (2001) (applying the same rule to Section

2255 motions); *United States v. Clark*, 284 F.3d 563, 567 (5th Cir. 2002) (a prisoner who had "never attempted any attack, by direct appeal or otherwise," could not challenge the constitutionality of his prior convictions even though they had been used to directly enhance his current sentence (applying *Daniels*)); *Cotton v. Thaler*, No. SA-10-CV-87-XR, 2010 WL 3239316, at *5 (W.D. Tex. Aug. 16, 2010) ("Because the issue in *Clark* ... was whether a state conviction had been attacked, the Court sees no reason why the case does not apply to a federal habeas petition under § 2254. In fact, the Fifth Circuit referenced *Coss* in explaining the *Daniels* rule.").

But there is an exception to that general rule where the conviction "was obtained [because of] a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Coss*, 532 U.S. at 404. "In those instances, the petitioner may attack the expired conviction used to enhance a current one irrespective of whether the expired conviction remains open to direct or collateral attack." *Godfrey v. Dretke*, 396 F.3d 681, 685 (5th Cir. 2005).

Although the petition explicitly states that Jones is attacking the 2013 conviction for evading arrest or detention, there are indications in his briefing that he is trying to challenge his current sentence as affected by the 1994 conviction for possession of a controlled substance. *See* Dkt. No. 6 at 3-4 (attacking the 2013 conviction for evading arrest or detention on the basis that he is actually innocent of the 1994 conviction for possession of a controlled

substance used to enhance it); Dkt. No. 6 at 5 (alleging the Whitfield affidavit shows he did not exclusively possess the cocaine involved in the 1994 conviction for possession of a controlled substance, and he is entitled to habeas relief).

But, even were the undersigned to liberally construe Jones's petition as an attack on his present sentence as affected by the 1994 conviction, his claims are still not cognizable under *Coss*. Jones admits that he did not directly appeal the 1994 conviction for possession of a controlled substance. *See* Dkt. No. 6 at 2 (arguing he did not appeal his conviction because his trial attorney failed to file a timely appeal despite his desire to appeal). And, so, at this time, the 1994 conviction for possession of a controlled substance "is no longer open to direct or collateral attack in its own right," and it may be regarded as "conclusively valid." *Coss*, 532 U.S. at 403 (citing *Daniels*, 532 U.S. at 382).

As for the failure-to-appoint-counsel exception, it appears facially inapplicable here because Jones admits that he had trial counsel. *See* Dkt. No. 6 at 2. Jones argues only that his trial attorney failed to file a timely appeal but does not suggest he was denied the assistance of counsel at trial. *Id.*

And Jones does not appear to argue that, although he technically had trial counsel, his counsel was "constructively absent" under *United States v. Cronic*, 466 U.S. 648 (1984), and its progeny. In *Cronic*, the Supreme Court recognized that the performance of counsel may be so inadequate as to constitute no assistance of counsel at all, despite the physical presence of an attorney at the proceeding. 466 U.S. at 654 n.11. The *Cronic* presumption of

prejudice arises in circumstances where: (1) there exists a "complete denial of counsel" or a denial of counsel "at a critical stage" of defendant's trial; (2) defense counsel fails to "subject the prosecution's case to meaningful adversarial testing"; or (3) counsel "is called upon to render assistance where competent counsel very likely could not." *Id.* at 658-59 (citations omitted). The *Cronic* standard applies only when counsel has entirely failed to challenge the prosecution's case. *Id.*; *Riddle v. Cockrell*, 288 F.3d 713, 718 (5th Cir. 2002).

Jones's allegations do not involve the denial of trial counsel, and this case does not fit into the categories of cases in which courts have found a constructive denial of counsel.

Jones has failed to show that he was deprived of court-appointed counsel in violation of *Gideon*.

And, even if Jones's claims could be construed as attacking his present sentence by way of the 1994 conviction for possession of a controlled substance used to enhance it, the claims are not cognizable because the 1994 conviction is presumptively valid.

## II. Jones's remaining claims are untimely.

The State argues that the remaining claims in Jones's federal habeas application are time-barred. The undersigned agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH

PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations

period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly-filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257. Further, even assuming an extraordinary circumstance exists, it must actually prevent the filing of a timely habeas petition; that is, the extraordinary circumstance must actually cause the late filing. *See*, *e.g.*, *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (noting that the causal-connection requirement of the equitable tolling test prevents equitable tolling relief "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance").

As for diligence, "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653) (footnote omitted).

-10-

And a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup*, 513 U.S. at 316).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence . . . means that the person did not commit the crime." (cleaned up)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'") (quoting *Schlup*, 513 U.S. at 324, 327).

## A. Timeliness under AEDPA

The timeliness of most Section 2254 applications is determined under 28 U.S.C. § 2244(d)(1)(A) ("Subsection A"), based on the date on which the state criminal judgment became final.

For purposes of Section 2244(d)(1)(A), a state criminal judgment becomes final under the AEDPA on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing 28 U.S.C. § 2244(d)(1)(A)). "When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court." *Id.* (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)).

But, "[i]f the defendant stops the appeal process before that point" – as Jones did here – "the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts*, 319 F.3d at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

"Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review." *Butler*, 533 F.3d at 317 (citation omitted). So, federal courts look to state law to determine how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

Jones was found guilty by a jury, and the trial court sentenced him to life imprisonment on April 23, 2013. Dkt. No. 16-8 at 113. Because Jones did not petition the United States Supreme Court for certiorari review, the applicable state judgment became final under AEDPA on April 14, 2015, ninety days after the CCA refused Jones's PDR. *See Jones v. State*, PD-1395-14 (Tex. Crim. App. 2015); DA Cover Sheet; Dkt. No. 16-7 at 1; *see also Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

And, while Jones filed a state habeas application, tolling under Section 2244(d)(2) is inapplicable because the application was filed after the federal limitations period expired. *See* Dkt. No. 16-28 at 1 (indicating that WR-80,368-02 was signed by his attorney, Bruce Anton, on April 6, 2018); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Finally, Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation expired."; (emphasis in original)). But Jones did not file his federal petition until November 22, 2021, so under Section 2244(d)(1)(A), it filed was over five years too late.

To the extent Jones argues that Section 2244(d)(1)(D) ("Subsection D") should apply because he is actually innocent based on "newly discovered

evidence," this argument fails. *See* Dkt. No. 6 at 2-5; Dkt. No. 6-1 at 26-28. Jones identifies the "newly discovered evidence" as an affidavit from Whitfield, the driver of the vehicle Jones was in at the time of the events that led to him being charged with possession of a controlled substance. Jones admits that he was in the car with Whitfield while the cocaine was present but claims he is not guilty of the offense because he did not exclusively possess the cocaine. Dkt. No. 6 at 4.

When considering allegedly new evidence under Subsection D, it matters when a habeas petitioner first knew of – or, through due diligence, could have discovered – "the vital or principal facts underlying [the] claims" supported by the "new evidence." *Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (defining "the factual predicate" as "the vital or principal facts underlying [a petitioner's] claims") (citing *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012))); *see also Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2016 WL 777695, at *5 (N.D. Tex. Jan. 19, 2016) ("Under Section 2244(d)(1)(D), the applicable date is the date on which vital facts are first discovered, not when evidence to support those facts is first acquired."), *rec. accepted*, 2016 WL 759564 (N.D. Tex. Feb. 26, 2016); *cf. Christian v. Bracy*, No. 2:18-CV-652, 2019 WL 2314631, at *3 (S.D. Ohio May 31, 2019) ("The term 'factual predicate' in § 2244(d)(1)(D) refers to factual evidence and events, not legal conclusions.").

And, even if "the 'new evidence' constitutes a 'factual predicate' within the meaning of Subsection D, that 'new evidence' [must] serve as the basis of a *cognizable* habeas claim." *E.g., Glenn v. Cain*, Civ. A. No. 13-6595, 2014 WL 5040713, at *2 n.18 (E.D. La. Sept. 30, 2014) (collecting cases).

The "new evidence" here may therefore not support a stand-alone innocence claim, as a substantive claim of "actual innocence" is not recognized as an independent ground for federal habeas relief. *See Perkins*, 569 U.S. at 392 ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.") (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993))); *see also, e.g., House*, 547 U.S. at 554-55; *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014); *cf. Schlup*, 513 U.S. at 314 (distinguishing "procedural" claims of innocence, which are based on a separate, underlying claim that a defendant was denied "the panoply of protections afforded to criminal defendants by the Constitution").

But Jones's claim he is actually innocent because Whitfield now accepts responsibility for possession of the cocaine in Dallas County fails to render his federal habeas petition timely under Section 2244(d)(1)(D).

Specifically, Jones knew about the vital facts used to support a claim based on the Whitfield affidavit as early as his trial in April 2013 and when he filed his state habeas application in August 2018. In Jones's state habeas application, he alleged "[n]ewly available evidence establishe[d] that [he] [was] actually innocent of the [1994 Dallas County conviction for possession of a

-15-

controlled substance (cocaine)] [ ] [in case number F93-02769-W]." Dkt. No. 16-28 at 36. Jones argued that he "was accused of unlawful possession of a controlled substance. [But] [i]n fact, the drugs belonged to the driver of the vehicle[,] [Whitfield], who ha[d] finally come forward to admit that fact. [Whitfield] said the drugs were not Jones' [drugs]." *Id.* at 36, 49-50.

This actual innocence claim based on Whitfield claiming responsibility for the Dallas County conviction for possession of a controlled substance was the sole claim Jones raised in Jones's state habeas application in August 2018. *Id.* at 36, 51-53. Jones concluded that he was entitled to relief on his state habeas application because, if Whitfield had testified at Jones's trial that the cocaine belonged to him, "[n]o rational finder of fact could have convicted [Jones] of the drug charge had [Whitfield] been available to testify." *Id.* at 52-53.

Jones has not shown that his federal habeas petition is timely under Section 2244(d)(1)(D).

## B. Equitable Tolling

Jones argues that equitable tolling applies because he was not given an opportunity to appeal. *See* Dkt. No. 1 at 30-31; Dkt. No. 6 at 14-15. Specifically, Jones alleges that his attorney ignored his instructions to file a direct appeal and instead filed an 11.07 state habeas application and that this prevented him from meeting the one-year AEDPA deadline. *See* Dkt. No. 1 at 31.

But, as explained above, to benefit from equitable tolling, the petitioner

has the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012) (internal quotation marks and citations omitted).

Jones was granted an out-of-time appeal, and he pursued an appeal. The Tenth District Court of Appeals for Texas affirmed Jones's conviction on September 11, 2014. Written Opinion, Dkt. No. 16-1; *Jones v. State*, No. 10-13-00410-CR, slip op. (Tex. App. – Waco 2014, pet. ref'd).

Contrary to his argument, Jones was given the opportunity to file a direct appeal, and he is not entitled to equitable tolling.

### C. Actual Innocence

The undersigned turns finally to actual innocence, which "'if proved, serves as a gateway through which a petitioner may pass [even if] the impediment is a procedural bar ... or ... expiration of the statute of limitations.'" *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018) (quoting *Perkins*, 569 U.S. at 386).

But "a credible gateway 'claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial.'" *Id.* (quoting *Schlup*, 513 U.S. at 324). "Examples of 'new reliable evidence' are 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Fratta v.*

*Davis*, 889 F.3d 225, 232 (5th Cir. 2018) (quoting *Schlup*, 513 U.S. at 324). The Whitfield affidavit offered by Jones is like none of these.

The Whitfield affidavit, at most, calls into question Jones's 1994 Dallas County conviction for possession of a controlled substance that was used to enhance his 2013 sentence for evading arrest or detention with a vehicle. While the Whitfield affidavit attacks Jones's 1994 conviction for possession of a controlled substance, it does not have the ability to cause an acquittal at a new trial in the instant case addressing Jones's 2013 conviction for evading arrest or detention with a vehicle. *See Lucas v. Johnson*, 132 F.3d 1069, 1076 n.3 (5th Cir. 1998) (explaining that new evidence of actual innocence must be "material, not merely cumulative or impeaching" and thus capable of "produc[ing] acquittal at a new trial").

The remaining claims should therefore be dismissed with prejudice as time barred.

## Recommendation

The Court should dismiss Jones's application for a writ of habeas corpus with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must

identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 14, 2024

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE